IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

VICTORIA DIVISION

| | | |
|---|---|---|
| JAMES RANKIN ROBERTSON, #1540145 | § § § | |
| VS. | § § | CIVIL ACTION NO. V-15-069 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division | § § § | |

## REPORT AND RECOMMENDATION

Before the Court by referral is the petition for a writ of habeas corpus of James Rankin Robertson. The petition is time-barred and should be dismissed.

Robertson's judgment of conviction for aggravated sexual assault was entered on December 3, 2008. The judgment was affirmed on February 11, 2010, and discretionary review was refused on August 25, 2010. The judgment became final 90 days later on November 23, 2010, when the period for seeking *certiorari* expired.

When Robertson filed his first state court habeas petition on November 17, 2014, the one-year limitation period for filing a federal habeas petition had already expired. 28 U.S.C. § 2244(d). Therefore, Robertson's two state petitions had no tolling effect on the federal limitations period. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Robertson has offered no evidence or argument to support equitable tolling.

The Court also notes that Robertson's claim that he was denied a full and fair hearing on his first state petition when his second petition was summarily dismissed as successive rather than on the merits does not raise a cognizable federal habeas claim. Alleged infirmities in a state habeas proceeding do not constitute grounds for federal habeas relief, <u>Trevino v. Johnson</u>, 168 F.3d 173, 180 (5th Cir. 1999), because an attack on a habeas proceeding is an attack on a proceeding collateral to the petitioner's detention and not the detention itself. <u>Nichols v. Scott</u>, 69 F.3d 1255, 1275 (5th Cir. 1995).

The Court therefore recommends that Robertson's petition for a writ of habeas corpus be dismissed as time-barred.

It is further recommended that Robertson's motion to supplement his federal petition with two new issues, filed on March 8, 2016, be denied as futile.

The clerk shall send a copy of this report and recommendation to the parties who shall have until April 8, 2016, to file any written objections.

**DONE** at Galveston, Texas, this ____9th____ day of March, 2016.

_____
John R. Froeschner
United States Magistrate Judge